TREVOR J. HATFIELD, ESQ.
Nevada Bar No. 7373
**HATFIELD & ASSOCIATES, LTD.**
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
(702) 386-9825 Fax
*thatfield@hatfieldlawassociates.com*

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LORI MARTIN, an individual,<br><br>  Plaintiff,<br><br>  vs.<br><br>KGDO HOLDING COMPANY, INC. a Domestic Corporation, doing business as TERRA WEST PROPERTY MANAGEMENT; DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive,<br><br>  Defendants. | CASE NO:<br><br>**COMPLAINT FOR WRONGFUL TERMINATION**<br>**[JURY TRIAL DEMANDED]** |

COMES NOW, Plaintiff LORI MARTIN (hereinafter, "Plaintiff"), by and through her counsel, the law firm of Hatfield & Associates, Ltd., and alleges upon information and belief against the above-captioned Defendants as follows:

**PARTIES**

1. At all time relevant hereto, Plaintiff, residing in Las Vegas Nevada, was and is an individual residing in the State of Nevada and was employed at KGDO HOLDING COMPANY, INC. a Domestic Corporation, doing business as TERRA WEST PROPERTY MANAGEMENT (hereinafter "Defendant").

///

///

1

2. At all time relevant hereto, Defendant was a domestic corporation licensed to and conducting business in the State of Nevada, or is, based upon Plaintiff's information and belief, a corporate entity conducting business on a regular and continuing basis in Nevada. Defendant is engaged in the business of providing property management services.

3. All acts which form the basis of this complaint occurred during Plaintiff's employment with Defendant.

4. All of the acts alleged herein and or failures alleged herein were duly performed by and or are attributable to Defendant, acting by and through their agents and employees. Said acts and or failures to act were within the scope of said agency and or employment, and Defendant ratified said acts and or omissions.

5. Defendant regularly employs fifteen or more persons.

6. The true names or capacities, whether individual, corporate, association or otherwise, of Defendants DOES I through X, and ROE CORPORATIONS I through X, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the Defendants designated herein as a DOE and a ROE CORPORATION are responsible in some manner for the events and happenings referred to and caused damages proximately to the Plaintiff as herein alleged. Plaintiff will ask leave of this Court to amend its Complaint to insert the true names and capacities of DOES I through X, and ROE CORPORATIONS I through X, when the same have been ascertained and to join such Defendants in this action.

///

///

///

///

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. Defendants are now and were at all time mentioned herein an "employer" of the Plaintiff within the definition of Title I and V or the American's with Disabilities Act of 1990, and amendments thereto, and 42 U.S.C. Section(s) 1201 et seq.; the Rehabilitation Act of 1973, and amendments thereto, and 29 U.S.C. Section 701, et seq.; and laws of the State of Nevada. The Court also has jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 relating to declaratory judgments. This Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the common law and statutes of the State of Nevada, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

8. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, all Defendants reside and/or regularly conduct business and where all the wrongful conduct occurred.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff has complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5 as follows:

10. Plaintiff was temporarily disabled. She is a woman. She requested accommodation for her disability. She was denied and refused accommodation although her employer could have easily accommodated her, and Plaintiff endured hostility, discrimination, disparate treatment and retaliation in the workplace in violation of law. Plaintiff timely filed a formal charge of discrimination with the Equal Employment Opportunity Commission [hereinafter "EEOC"].

///

11. Plaintiff promptly and diligently accommodated all EEOC requests for information and fully cooperated in the agency's investigation of this matter;

12. Plaintiff has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this civil action, and she received a Right to Sue that was sent from the EEOC on or about September 30, 2016, by mail. Plaintiff has timely filed this action. Plaintiff demands a jury trial of this case pursuant to Local Rule 38-1 and 28 U.S.C. Section 1411.

## FACTUAL ALLEGATIONS

13. Plaintiff is a qualified individual with a disability within the meaning of the American's with Disabilities Act of 1990, and amendments thereto, and 42 U.S.C. Section 1201 et seq., the Rehabilitation Act of 1973, and amendments thereto, and 26 U.S.C. Section 701 et seq., and 29 U.S.C. Section 2601 et seq.

14. Plaintiff was hired on April 14, 2014 as a paralegal and community manager for Defendant. She had a temporary medical condition that occurred in December, 2014. She was informed by her physician that she required to do physical therapy during working hours, temporarily. She informed Defendant of her doctor's requirement that she attend physical therapy sessions, and offered to engage in an interactive process with Defendant. Plaintiff was willing to work from home and to make up any missed time that she was away from work as an accommodation.

15. Defendant refused or failed to engage in any interactive process with my client to determine what accommodations could be made to enable Plaintiff to attend physical therapy appointments and continue to do her work for Defendant. Instead, Plaintiff was told that Defendant's counsel wanted Plaintiff to be present at work and would not be permitted to work from home and that she was being terminated because of her doctor's orders that she attend physical therapy appointments.

4

16.     Plaintiff incurred loss of salary and benefits when Defendant refused her accommodation, which occurred without notice or opportunity for engagement in an interactive process for accommodation for her disability.

17.     Upon information and belief and at all relevant times, Defendant employed in excess of fifteen (15) employees for at least twenty (20) calendar weeks from 2011 to the present time, and was further engaged in an industry directly affecting interstate commerce.

18.     At all relevant times, all matters regarding compensation, terms, conditions, rights and privileges of Plaintiff's employment were governed and controlled by Defendant.  She was retaliated against when she requested a reasonable accommodation.  The effect of failing to address, remediate and eradicate these issues at work was to effectuate a discriminatory purpose toward Plaintiff by Defendant.

19.     Plaintiff filed a Charge of Discrimination with the EEOC alleging that Plaintiff was subjected to discrimination in violation of the Americans with Disability Act as amended.

## **CAUSES OF ACTION**

### **FIRST CAUSE OF ACTION**

### **Violation of the ADA**

20.     Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

21.     Plaintiff requested Defendant engage in an interactive process to reasonably accommodate Plaintiff during her temporary disability.  Defendant refused to engage in any interactive process and refused to accommodate Plaintiff.  Plaintiff was refused reasonable accommodation for her disability, although Plaintiff was capable of performing her duties.

22.     Defendant intentionally, and in a discriminatory manner refused to accommodate Plaintiff in her position because of her disability.

23. Defendant's adverse treatment of Plaintiff was not based upon any medical justification or other reasonable reason and was discriminatory as to Plaintiff. Defendant adversely treated Plaintiff without just cause and because of her disability. Such adverse employment actions by Defendants were in violation of the ADA.

24. As a result of Defendant's above-stated actions, Plaintiff has suffered deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to her as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

25. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

26. As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

**SECOND CAUSE OF ACTION**

**Retaliation Under the ADA**

27. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

28. Defendant initially refused accommodation to Plaintiff, then permitted accommodation only after Plaintiff was deprived of salary and benefits. Plaintiff was refused reasonable accommodation for her disability, although Plaintiff was capable of performing her duties.

29. Defendant intentionally, and in a discriminatory manner refused to accommodate Plaintiff in her position because of her disability.

30. Defendant's retaliation and adverse treatment of Plaintiff was not based upon any medical justification or other reasonable reason and was discriminatory as to Plaintiff. Defendant adversely treated Plaintiff without just cause and because of her disability.

31. Such adverse employment actions by Defendant was in violation of the ADA.

32. As a result of Defendant's above-stated actions, Plaintiff has suffered deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to her as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

33. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

34. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

**REQUEST AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and damages against Defendant as follows:

1. Enter an injunction ordering Defendant to make Plaintiff whole with full back pay, and benefits and reinstatement of sick leave time that Plaintiff would have obtained in the absence of discrimination or, in the alternative, front pay;

2. An award to Plaintiff for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses within this Court's jurisdiction subject to proof;

3. An award to Plaintiff for general damages, including but not limited to emotional distress damages, within this Court's jurisdiction subject to proof;

4. An award to Plaintiff for exemplary and/or punitive damages;

5. An award to Plaintiff for reasonable attorney's fees and costs, including but not limited to expert witness fees, and as provided under state law;

6. An award to Plaintiff interest on any awards at the highest rate allowed by law;

**7.** and Such other and further relief as this Court deems just and appropriate.

Dated this 28th day of December, 2016.                **HATFIELD & ASSOCIATES, LTD.**

By:  /s/ *Trevor J. Hatfield*

Trevor J. Hatfield, Esq. (SBN 7373)
703     South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
         *Attorney for Plaintiff*